Filed 8/27/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GERARDO LOPEZ,<br><br>    Defendant and Appellant. | G061870<br><br>(Super. Ct. No. 02NF3143)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Alan L. Amann, and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 2005, Gerardo Lopez was convicted of first degree murder (Pen. Code, § 187, subd. (a)) with the special circumstances that the killing was committed in the course of a robbery and in the commission of a kidnapping (Pen. Code, § 190.2, subd. (a)(17)(A) & (B)).[1] One of the theories offered by the prosecution at trial was felony murder. (§ 189.)

In 2022, Lopez petitioned the court to be resentenced pursuant to section 1172.6 (former § 1170.95).[2] The trial court denied his petition at the prima facie stage, and Lopez appealed. The trial court found the jury's special circumstance findings that the "murder was committed while [Lopez] was engaged in or was an aider and abettor in the commission of kidnapping" and that Lopez harbored the specific intent to kill disqualified him from resentencing as a matter of law.

We agree. Section 189, subdivision (e)(2), requires only an intent to kill combined with participation in the underlying felony. Two recent dissenting opinions have advocated the position that the defendant must have assisted not only in the underlying felony, but also in the killing itself. (*People v. Lopez* (2023) 88 Cal.App.5th 566, 580 (dis. opn. of Raphael, J.); *People v. Morris* (2024) 100 Cal.App.5th 1016, 1030 (dis. opn. of Moore, J.), review granted July 17, 2024, S284751 (*Morris*).) For the reasons we explain below, we conclude the majority view—that no additional actus reus is required beyond participation in the underlying felony—is the correct view.

---

[1] All statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

Given that interpretation of the law, the jury's findings that Lopez committed kidnapping, the murder occurred while Lopez was engaged in the kidnapping, and he had the specific intent to kill, categorically preclude Lopez from obtaining relief under section 1172.6. Accordingly, we affirm.

PROCEDURAL HISTORY

In 2005, Lopez was convicted of first degree murder (§ 187, subd. (a)) on a felony-murder theory based on his participation in a kidnapping and robbery. The jury found true the special circumstances that the killing was committed in the course of a robbery and in the commission of a kidnapping (§ 190.2, subd. (a)(17)(A) & (B)). The jury further found true the offenses were committed in association with a criminal street gang (§ 186.22, subd. (b)) and that a principal in the crime intentionally discharged a firearm (§ 12022.53, subds. (d) & (e)). In a second count, Lopez was convicted of active gang participation in violation of section 186.22, subdivision (a). Lopez was sentenced to life in state prison without the possibility of parole, plus a consecutive sentence of 25 years for the firearm enhancement. In July 2007, this court affirmed the judgment. (*People v. Lopez* (July 23, 2007, G037163) [nonpub. opn.].)[3]

In January 2022, Lopez filed the underlying petition for resentencing pursuant to section 1172.6. The court ruled Lopez had failed to present a prima facie showing that he was entitled to relief. The court observed that the jury instruction on the kidnapping special circumstance required it to find defendant committed kidnapping and "had the specific

---

[3] In a subsequent habeas corpus petition, Lopez's sentence was modified to permit the possibility of parole as a result of his age at the time of the offense.

intent to kill." The court reasoned: "Based on the jury instructions given and the findings at [the] verdict, the jury found that the petitioner had an intent to kill. The jury found that the petitioner had the requisite malice and did not convict on any imputed malice theory of liability as to the kidnapping special circumstance." Lopez appealed.

## DISCUSSION

Section 1172.6 was enacted pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437), which made major changes to theories of vicarious liability for murder. (Stats. 2018, ch. 1015.) The purpose of Sen. Bill 1437 was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The result was a significant curtailing of the application of the felony-murder rule.

Under section 189, subdivision (e) felony murder now requires one of three conditions to be met: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer"; "(2) [t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree"; "(3) [t]he person was a major participant in the underlying felony and acted with reckless indifference to human life, as

4

described in subdivision (d) of Section 190.2."[4] Of these three conditions, only subdivision (e)(2) is at issue in this appeal.

Interpreting the requirements of section 189, subdivision (e)(2), has generated two recent dissenting opinions. (*People v. Lopez*, *supra*, 88 Cal.App.5th at p. 580 (dis. opn. of Raphael, J.); *Morris*, *supra*, 100 Cal.App.5th at p. 1030 (dis. opn. of Moore, J.), review granted.) The two camps split along the following lines: under the majority view, subdivision (e)(2) requires only an intent to kill coupled with the traditional actus reus of felony murder, which is participation in the underlying felony; under the minority view, subdivision (e)(2) requires not only the intent to kill, but also some act that assists the actual killer with the killing itself.

We conclude that the majority reading is correct: Section 189, subdivision (e)(2) added a mens rea requirement of intent to kill but otherwise left the actus reus of felony murder untouched for nonkillers who participate in the underlying felony with murderous intent. This interpretation better accords with the text of the statute as well as the legislative history of Sen. Bill 1437.

I.

TEXTUAL CONSIDERATIONS

We begin with the text of the statute: "The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (§ 189, subd. (e)(2).) The minority view interprets this to mean that the defendant must have aided in the

---

[4] Section 189, subdivision (a) includes robbery and kidnapping in the listed felonies.

killing itself because the text requires assisting "in the commission of murder in the first degree." (*Ibid*.) Reading that language in isolation, however, ignores the context of the statute. Subdivision (a) of section 189 specifically defines first degree murder as follows: "All murder that is . . . committed in the perpetration of, or attempt to perpetrate, [designated felonies], is murder of the first degree." (*Ibid*.) This is the historic statutory basis for felony murder. Subdivision (e), in turn, applies to "the perpetration . . . of a felony listed in subdivision (a) in which a death occurs . . . ." So, when subdivision (e)(2) refers to "the commission of murder in the first degree," it, at minimum, incorporates murder as defined in subdivision (a).

Our high court has already interpreted nearly identical language in precisely this manner. Section 190.2, subdivision (c), sets forth the following murder special circumstance: "Every person, not the actual killer, who, with the intent to kill, aids, abets, counsels, commands, induces, solicits, requests, or assists any actor *in the commission of murder in the first degree* shall be punished by death or imprisonment in the state prison for life without the possibility of parole if one or more of the special circumstances enumerated in subdivision (a) has been found to be true . . . ." (Italics added.) This special circumstance applies to felony murder pursuant to section 190.2, subdivision (a)(17).

Our high court interpreted the language of section 190.2, subdivision (c), in *People v. Dickey* (2005) 35 Cal.4th 884 (*Dickey*). There, the special circumstance was found to be true as to a defendant who aided and abetted one of the felonies listed in section 190.2, subdivision (a)(17). (*Dickey*, at p. 894.) The defendant conceded that he aided and abetted in the felony, but argued he could not be liable for murder because he did not "'assist[] in the killings themselves'" (*id.* at p. 900)—the exact argument the minority

6

view makes. Our high court rejected that argument, concluding that by aiding and abetting the underlying felony, the defendant had legally aided and abetted in the commission of murder in the first degree. (*Ibid.* ["under the felony-murder doctrine, he *was* found guilty of aiding or abetting first degree murders. All persons aiding or abetting the commission of burglary or robbery are guilty of first degree murder when one of them kills while acting in furtherance of the common design"].)

The courts who have disagreed with this position attempt to distinguish *Dickey*, *supra*, 35 Cal.4th 884 on the ground that section 189, subdivision (e)(2) requires the defendant to assist the "actual killer in the commission of murder in the first degree," whereas section 190.2, subdivision (c) requires the defendant to assist "any actor in the commission of murder in the first degree . . . ." But in placing such heavy emphasis on the words "any actor," advocates of the minority view miss a critical point: The *Dickey* court paid no attention to the "any actor" language; that language made no difference at all to the arguments made in *Dickey*. Rather, the court was focused on the "commission of murder in the first degree" language (*Dickey*, at p. 900), which is the same language used in both statutes. (See §§ 189, subd. (e)(2), 190.2, subd. (c).) The inescapable conclusion is that the words "commission of murder in the first degree," when used in the felony-murder statutes, refer to perpetration of the underlying felony in which a principal kills someone. One assists "commission of murder in the first degree," therefore, by assisting in the underlying felony.

Our final textual consideration is that under the minority view, section 189, subdivision (e)(2) becomes incongruous with subdivision (e)(3). What we mean is one would expect that the actus reus and mens rea interact on a sliding scale—a more culpable mens rea requires a less culpable actus

7

reus, and vice versa. And, indeed, as we read it, subdivision (e) is structured that way. Under subdivision (e)(1), a highly culpable actus reus (the actual killer) is guilty of felony murder without any additional mens rea. Under subdivision (e)(2), as we read it, a nonkiller with a highly culpable mens rea (intent to kill) is guilty of felony murder without any additional actus reus. And under subdivision (e)(3), a moderately culpable mens rea (reckless indifference to human life) requires a moderately elevated actus reus (major participant in the underlying felony). However, under the minority view, subdivision (e)(2) requires a highly culpable mens rea (intent to kill) *and* a highly culpable actus reus (assist in the killing itself). Yet under (e)(3), a less culpable mental state accompanies a less culpable actus reus with the same result: guilty of felony murder. This interpretation makes little sense.

## II.

### LEGISLATIVE HISTORY AND INTENT

But assuming, for the sake of argument, that section 189, subdivision (e)(2) is ambiguous, the next step in the analysis is to resolve that ambiguity by examining the legislative history to determine the Legislature's intent. (*People v. Smith* (2004) 32 Cal.4th 792, 797-798 ["If, however, the statutory language is susceptible of more than one reasonable construction, we can look to legislative history [citation] and to rules or maxims of construction"].) When we turn our focus there, our interpretation finds ample support.

Sen. Bill 1437 itself stated its purpose: "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer [(§ 189, subd. (e)(1))], did not act with the intent to kill [(*id.*, subd. (e)(2))], or was not a major participant in the underlying

8

felony who acted with reckless indifference to human life [(*id.*, subd. (e)(3))]." (Stats. 2018, ch. 1015, § 1, subd. (f).) By the Legislature's own description, the only amendment relevant to section 189, subdivision (e)(2) is adding an intent to kill—nothing else is mentioned. This is wholly consistent with our interpretation but leaves an awkward silence if the Legislature intended to create a new actus reus in subdivision (e)(2). By contrast, when the Legislature summarized its intent as to subdivision (e)(3), it mentioned both the mens rea and actus reus.

Consistent with the statement above is the Senate report quoted in *Morris, supra,* 100 Cal.App.5th 1016: "'This bill does not eliminate the felony murder rule. The purpose of this bill is to merely revise the felony murder rule to prohibit a participant in the commission or attempted commission of a felony that has been determined as inherently dangerous to human life to be imputed to have acted with implied malice, unless he or she personally committed the homicidal act.'" (*Id.* at p. 1027; Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 1437 (2017-2018 Reg. Sess.) as amended Aug. 20, 2018, p. 7.) Once again, the focus, as it pertains to section 189, subdivision (e)(2), is on the mens rea—malice.

By contrast, we are not aware of any legislative history suggesting that the Legislature intended to add a new actus reus element to section 189, subdivision (e)(2). To the extent that subdivision (e)(2) is ambiguous, we see no reason to create a requirement that finds scant support in the legislative history and goes well beyond the Legislature's clearly stated intent.

The outcome of our textual interpretation is since a defendant who participated in the underlying felony with intent to kill is liable for murder, a prima facie denial of a resentencing petition is appropriate where

9

the jury made such findings. Here, the jury found that "[t]he murder was committed while [Lopez] was engaged in or an aider and abettor in the commission of kidnapping" and Lopez had the specific intent to kill. These findings satisfy subdivision (e)(2) of section 189, and thus Lopez is not eligible for resentencing as a matter of law. There was no error in denying his petition at the prima facie stage.

## DISPOSITION

The postjudgment order is affirmed.


SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.

10